1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. SCHOENBERGER, JR.,

                         Plaintiff,

    v.

PNC BANK, et al.,

                         Defendants.

CASE NO. C20-5096BHS

ORDER

13

THIS MATTER is before the Court on (1) Plaintiff Schoenberger's Motion for

14

Reconsideration, Dkt. 41, of the Court's Order, Dkt. 40, granting in part Defendant PNC

15

Bank's Motion for Summary Judgment, Dkt. 35, and denying Schoenberger's Motion for

16

Judgment on the Pleadings, or in the alternative, Summary Judgment, Dkt. 34; and (2)

17

Defendant PNC Bank's Motion for Attorneys' Fees, Dkt. 42.

18

**A.**     **The Motion for Reconsideration is DENIED.**

19

The Motion for Reconsideration was filed on behalf of the Estate of James A.

20

Schoenberger, Jr., the plaintiff in this case, notifying the Court that Mr. Schoenberger

21

passed away early this year. The Estate's attorney, G. Christopher Ramsey, has not filed a

22

1    notice of appearance and has not sought to substitute the Estate as the Plaintiff in this

2    action under Fed. R. Civ. P. 25.

3         Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will

4    ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b)

5    facts or legal authority which could not have been brought to the attention of the court

6    earlier, through reasonable diligence. The term "manifest error" is "an error that is plain

7    and indisputable, and that amounts to a complete disregard of the controlling law or the

8    credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

9         Reconsideration is an "extraordinary remedy, to be used sparingly in the interests

10   of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

11   229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,

12   absent highly unusual circumstances, unless the district court is presented with newly

13   discovered evidence, committed clear error, or if there is an intervening change in the

14   controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

15   873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil

16   Procedure, which allow for a motion for reconsideration, is intended to provide litigants

17   with a second bite at the apple. A motion for reconsideration should not be used to ask a

18   court to rethink what the court had already thought through—rightly or wrongly.

19   *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

20        Mere disagreement with a previous order is an insufficient basis for

21   reconsideration, and reconsideration may not be based on evidence and legal arguments

22   that could have been presented at the time of the challenged decision. *Haw. Stevedores,*

1   *Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant

2   reconsideration is committed to the sound discretion of the court." *Navajo Nation v.*

3   *Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th

4   Cir. 2003).

5       The Court's prior Order was based on its conclusion that there was no bona fide

6   dispute about the amount of Schoenberger's debt to PNC and that his offer to resolve his

7   outstanding mortgage debt and his QWR-based, inchoate RESPA claim by paying

8   $10,000 to settle a fully-secured $214,000 debt was not made in good faith. Thus, there

9   was no accord and satisfaction as a matter of law. The Order did begin by describing

10  Schoenberger as an "in default" borrower—the record on that point was not clear, and

11  PNC had suggested that "the default was strategic." Dkt. 39 at 2. But the Court's

12  resolution of the accord and satisfaction cross motions did not depend on whether

13  Schoenberger was in default when he sent PNC a Qualified Written Request on March

14  11, 2019, or when any of the subsequent events occurred. *See* Dkt. 40 at 2–17.

15      The Motion for Reconsideration is based primarily on the argument that

16  Schoenberger was *not* in default when he sent the QWR and that this "foundation" for the

17  Court's "Order" was therefore "absolutely factually incorrect." It suggests that the

18  Court's misapprehension about that fact "colored the Court's opinion" of Schoenberger

19  and the issues in the case. Dkt. 41 at 2.

20      It may be correct that Schoenberger was not in default when he began his efforts

21  to set up an accord and satisfaction, but the efficacy of those efforts did not and do not

22  turn on whether he was in default. The Court's rulings on the merits of Schoenberger's

1  accord and satisfaction claim were based on its conclusion that there was no bona fide

2  dispute about the amount he owed, and his offer was not made in good faith, as a matter

3  of law. Nothing in the Motion[1] changes that analysis or that conclusion. The Motion for

4  Reconsideration is therefore **DENIED**.

5  **B.    The Motion for Attorneys' Fees is GRANTED.**

6        PNC Bank seeks $18,605.80 in fees and $237.30 in costs incurred in successfully

7  defending Schoenberger's contract claim, and in prevailing on its own contract claim.

8  Any response to the motion was due May 17. Plaintiff did not respond.

9        Under Local Rule 7(b)(2), a party's failure to respond to a motion to dismiss can

10  be deemed by the court an admission that the motion has merit:

11       (2) *Obligation of Opponent*. Each party opposing the motion shall, within
         the time prescribed in LCR 7(d), file with the clerk, and serve on each party
12       that has appeared in the action, a brief in opposition to the motion, together
         with any supporting material of the type described in subsection (1). Except
13       for motions for summary judgment, if a party fails to file papers in
         opposition to a motion, such failure may be considered by the court as an
14       admission that the motion has merit.

15       The Motion for Attorneys' Fees and Costs under the contract *does* have merit, and

16  Plaintiff's failure to respond is deemed an admission of the same. The rate and the hours

17  sought are reasonable. For that reason, and for the reasons outlined in the Motion itself,

18  the motion for attorneys' fees and costs is GRANTED. PNC is entitled to $18,605.80 in

19

20       [1] The Court notes that, like Mr. Schoenberger's filings, the current Motion simply ignores
    the fact that PNC *did* respond to his QWR. *See* Dkt. 23-1, *but see* Dkt. 41 at 3 (timeline omitting
21  PNC's Response). It also repeats Schoenberger's inaccurate claim that PNC "offered him a short
    sale." Dkt. 41 at 6, 10. There was never a proposed "short sale," and PNC never agreed to accept
22  less than Schoenberger owed.

fees and $237.30 in costs under the contract. However, the Court will not yet enter a judgment[2] as there are outstanding issues to be resolved in the case, including PNC's counterclaims and Schoenberger's pending motion to effectuate a sale of the property to a third-party buyer, Dkt. 43.

The parties would be well-advised to consider a way to resolve the case without further Court intervention in light of this Order and the proposed sale.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

[2] The final Judgment will be at the federal post judgment interest rate, not the 3.375% sought in PNC Bank's proposed Order.